IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: TAMIKA J. JOHNSON | : | Bankr. Case No. 08-31253 |
| | : | Adv. Case No.. 08-3192 |
| Debtor, | : | |
| | | |
| DONALD F. HARKER, III, TRUSTEE | : | |
| Appellant and Cross-Appellee, | : | |
| | | Case No. 3:09cv414 |
| vs. | : | |
| | | JUDGE WALTER HERBERT RICE |
| COUNTRYWIDE HOMES, INC. | : | |
| Appellee and Cross-Appellant. | : | |

OPINION AFFIRMING DECISION OF THE BANKRUPTCY COURT TO DISMISS THE TRUSTEE'S ADVERSARY PROCEEDING AGAINST COUNTRYWIDE HOMES, INC., AND DISMISSING CROSS-APPEAL OF COUNTRYWIDE HOMES, INC., AS MOOT; JUDGMENT TO BE ENTERED ACCORDINGLY; TERMINATION ENTRY

Donald F. Harker ("Harker" or "Trustee") is the Trustee in the bankruptcy proceeding filed under Chapter 7 of the Bankruptcy Code by Tamika J. Johnson ("Debtor").  During the course of that proceeding, the Trustee filed an adversary proceeding against Countrywide Home Loans, Inc. ("Countrywide").  On September 9, 2009, United States Bankruptcy Judge Guy Humphrey dismissed the Complaint filed by the Trustee in that adversary proceeding, for failure to state a

claim upon which relief can be granted. The Trustee has timely appealed that decision. Countrywide has filed a cross-appeal, raising issues which need only be addressed were this Court to agree with the Trustee that Judge Humphrey erroneously dismissed the adversary proceeding.

Given that the Bankruptcy Court ruled upon a motion to dismiss, this Court reviews its decision de novo. In re Computerex, 404 F.3d 807, 809 (6th Cir. 2005).

This litigation stems from a note and mortgage that the Debtor executed in favor of Franklin Bank, SSB, which were ultimately assigned to a secularization trust, without evidence that the assignment had been recorded. In particular, the Debtor is alleged to have executed an initial note to that financial institution, which was endorsed to Countrywide Document Custody Services, a division of Treasury Bank, N.A.[1]  Trustee's Complaint Adversary Proceeding ("Adv. Pro.") Doc. #1 at ¶¶ 23-24. The Debtor executed an amended and restated note on the same day, which has not been assigned. Id. at ¶ 25. To secure the initial note, the Debtor executed a mortgage on her residence, which was recorded the name of Mortgage Electronic Registration Systems, Inc. Id. at ¶ 26. Countrywide was able to obtain a pre-petition decree of foreclosure in state court, by misrepresenting that it was the holder of the Debtor's note and mortgage. Id, at ¶¶ 27-29. Countrywide filed a motion in the Debtor's bankruptcy proceeding, asking relief from stay, seeking to enforce its decree of foreclosure, in which it misrepresented that it was the holder

---

[1] Whether there is a relationship between Countrywide and Countrywide Document Services is not disclosed from the Trustee's Complaint.

2

of the note and related mortgage, when, in reality, those documents had been assigned to a secularization trust. Id. at ¶¶ 32-34.

In his Decision, Judge Humphrey reviewed the Complaint in the adversary proceeding:

> The Class Action Complaint to Determine Creditor Status, Secured Status and Avoid Mortgages, Declaratory Judgment, Preliminary and Permanent Injunctive Relief and for Other Relief ("Complaint") (Doc. 36; Adv. Doc. 1) contains six counts. In Count I Plaintiff, Donald F. Harker, III, the Chapter 7 Trustee for this case ("Plaintiff"), seeks the disallowance of Defendant Countrywide Home Loan, Inc.'s ("Countrywide") claim pursuant to 11 U.S.C. §§ 501, 502 and 506 based on Countrywide's alleged failure to "own or hold" the Note. Through Count II Plaintiff seeks to avoid the mortgage the Debtor, Tamika J. Johnson ("Debtor"), granted to Countrywide on real property located at 215 Stubbs Drive, Dayton, Ohio 45426 ("Property" and "Mortgage") to secure a promissory note in the original principal amount of $69,887 ("Note") based on his avoidance powers under [11 U.S.C.] § 544(a)(3) as a hypothetical bona fide purchaser of real property, alleging that the Mortgage was not properly assigned to the entity holding the Note at the time that the Debtor filed her petition, and particularly, that the assignment of the Mortgage was not recorded with the Montgomery County, Ohio Recorder as required by Ohio Revised Code ("ORC") § 5301.25(A). Through Count III Plaintiff seeks to retain the equity, if any, in the Property pursuant to [11 U.S.C.] §§ 551 and 554 based on his avoidance of the Mortgage. Count IV seeks an order from this court pursuant to [11 U.S.C.] § 105(a) to prevent the alleged abuse of the bankruptcy process by Countrywide. Count V seeks a declaratory judgment as to the rights and obligations of the parties under the Note and the Mortgage. Finally, Count VI seeks to enjoin Countrywide from making any further misrepresentations to bankruptcy courts as to its status as holder of notes and mortgages.
>
> The Complaint also contains class allegations to support the class certification that Plaintiff seeks pursuant to Federal Rule of Civil Procedure 23. In particular, Plaintiff seeks certification of a class comprised of (i) as to Counts I, IV, V and VI, all current and former trustees for bankruptcy estates with assets consisting of real estate throughout the United States in connection with which mortgage notes were assigned to Countrywide but for which the mortgages related to those notes were not assigned (the "National Class"); (ii) as to Counts II, III, V and VI, all current and former trustees for bankruptcy estates with assets consisting of real estate in a defined number

3

of states in connection with which mortgage notes were assigned to Countrywide and either the related mortgages were not assigned or the related mortgages were assigned but the assignments not recorded (the "Multi-States Sub-Class"); and (iii) as to Counts II, III, V and VI, all current and former trustees for bankruptcy estates with assets consisting of real estate in Ohio alone in connection with which mortgage notes were assigned to Countrywide and either the related mortgages were not assigned or the related mortgages were assigned but the assignments not recorded (the "Ohio Sub-Class").  At this time, no motion to certify a class has been filed and no determination as to certification of any class or sub-class has been made.

Adv. Pro. Doc. #30 at 2-4.

Countrywide filed a motion seeking dismissal of Harker's Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7012. After briefing and oral argument by the parties, Judge Humphrey granted Countrywide's Motion to Dismiss (Adv. Pro. Doc. #7).  In his Decision, Judge Humphrey relied upon his Decision in Harker v. Wells Fargo Bank, NA ("Wells Fargo"), 414 B.R. 243 (Bankr. S.D.Ohio 2009), a case arising out of the same basic circumstances as this litigation.  In addition, that litigation was initiated by the same Trustee as this litigation, and includes the same claims.  In addition to dismissing the Trustee's claims herein, Judge Humphrey concluded that he could certify an in personam class action, while he could not certify an in rem class action.

The Trustee has only addressed the dismissal of Counts I, IV, V and VI in its Opening Brief (Doc. #3); therefore, it has abandoned Counts II and III.  See Youghiogheny and Ohio Coal Co. v. Milliken, 200 F.3d 942, 955 (6th Cir. 1999) (noting that "arguments not raised in the proponent's opening brief on appeal are generally considered abandoned").  Accord Robinson v. Jones, 142 F.3d 905, 906 (6th Cir. 1998)); Enertech Elec., Inc. v. Mahoning County Commissioners, 85 F.3d 257, 259 (6th Cir. 1996).  In its cross-appeal, Countrywide argues that Judge

4

Humphrey erred by even addressing the issue of the availability of a class action and by concluding that an in personam class could be certified. As a means of analysis, this Court will initially set forth the procedural standards which must be applied whenever a court rules on a motion to dismiss in accordance with Rule 12(b)(6).[2] The Court will then rule on the Harker's appeal, addressing the dismissal of Counts I and IV-VI in the order in which they appear in the Trustee's Complaint. If the Court concludes that Judge Humphrey erred in dismissing any one or more or all of those Counts, it will turn to Countrywide's cross-appeal. Otherwise, it will dismiss the cross-appeal, as moot. It is not necessary for this Court to write a comprehensive opinion herein, given that Judge Humphrey wrote a detailed Decision in Wells Fargo, with which this Court agrees, at least as to Counts I and IV-VI in Harker's Complaint.[3]

In Albrecht v. Treon, — F.3d —, 2010 WL 3306877 (6th Cir. 2010), the Sixth Circuit reviewed the procedural standards applicable to all motions to dismiss under Rule 12(b)(6):[4]

> Courts "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir.

---

[2] Bankruptcy Rule 7012(b) principally provides that Fed. R. Civ. P. 12(b)-(i) are applicable in adversary proceedings.

[3] Since this Court has no occasion to consider Judge Humphrey's resolution of Counts II and III or the class action matters, it expresses no opinion on those portions of that judicial officer's Decision which is the subject of the instant appeal.

[4] Therein, the Sixth Circuit was reviewing a decision of the District Court to grant a motion for judgment on the pleadings. The Albrecht court noted that the procedural standards applicable to motions under Rule 12(b)(6) must be utilized when ruling on a motion for judgment on the pleadings.

5

2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1950 (2009). However, the plaintiff must provide the grounds for its entitlement to relief, Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001), and that "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.  A plaintiff falls short if she pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct...." Id. at 1949, 1950.

I.  Count I

The Trustee captions Count I as one for a determination of allowed claims, which is brought under 11 U.S.C. § 501, 502 and 506.  Therein, the Trustee alleges that Countrywide did not hold the note on the date the debtor filed her petition and, as a result, is not a creditor, secured or otherwise.  Harker seeks a judgment under those statutory provisions to that effect.

In Wells Fargo, Judge Humphrey concluded that he could not exercise personal jurisdiction on the same claim, given that Wells Fargo had not filed a proof of claim, and Harker was requesting an advisory opinion.  414 B.R. at 260.  Herein, Countrywide did not file a proof of claim.  As a consequence, this Court agrees with Judge Humphrey that he was without jurisdiction to issue an advisory opinion on whether Countrywide has a claim, secured or otherwise.

It is axiomatic that federal courts lack the power to issue advisory opinions. See e.g., Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (reiterating that federal courts have "neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them") (internal quotation

6

marks and citation omitted); Hayburn's Case, 2 Dall. 409 (1792), as interpreted in Muskrat v. United States, 219 U.S. 346, 351-353 (1911); Morgan v. Keisler, 507 F.3d 1053, 1060 (6th Cir. 2007) (same).  That limitation on the jurisdiction of federal courts flows inexorably from the statement in Article III, § 2 of the Constitution that the judicial power extends to cases or controversies.  Preiser, 422 U.S. at 401.  Moreover, the Supreme Court "has frequently repeated that federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them."  North Carolina v. Rice, 404 U.S. 244, 246 (1971) (citing Local No. 8-6, Oil Chemical and Atomic Workers Intern. Union v. Missouri, 361 U.S. 363, 367 (1960)).  In Rice, the Supreme Court explained:

> To be cognizable in a federal court, a suit must be definite and concrete, touching the legal relations of parties having adverse legal interests. ...  It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

404 U.S. at 246.  See also Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).

Accordingly, the Court affirms the Judgment of the Bankruptcy Court, as it relates to the dismissal of Count I in the Trustee's Complaint (Adv. Pro. Doc. #1).

II.  Count IV

The Trustee brings Count IV of the Complaint under 11 U.S.C. § 105(a), seeking an order to prevent abuse of the bankruptcy process.  The gravamen of this claim is that Countrywide has engaged in bad faith, misconduct by misrepresenting that it owned Debtor's note in this bankruptcy proceeding and making similar

7

misrepresentations in other bankruptcy proceedings nationwide, a pattern of misconduct which has created unnecessary expense and delay in the bankruptcy process. Adv. Doc. #1 at ¶¶ 59-62. Harker seeks relief in the form of "an order, process or judgment from the court necessary to carry out and enforce the requirements of the Bankruptcy Code and Rules against [Countrywide], and to prevent further abuse of the bankruptcy process by [Countrywide]." Id. at ¶ 63. The Bankruptcy Court, adopting the rationale of Wells Fargo, dismissed this claim, because § 105(a) could not serve as the basis for remedying Countrywide's abuse of the bankruptcy process. Adv. Pro. Doc. #30 at 6. Based upon the reasoning set forth by Judge Humphrey in Wells Fargo and for reasons which follow, this Court agrees.

>Section 105(a) provides:
>
>(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). In Wells Fargo, Judge Humphrey concluded that § 105(a) could not serve as the vehicle for relief the Trustee seeks with Count IV, because it is precluded by Sixth Circuit precedent, namely Pertuso v. Ford Motor Credit Co., 233 F.3d 417 (6th Cir. 2000).[5] 414 B.R. at 264-66. This Court agrees.

In Pertuso, the Sixth Circuit held that there is no private right of action under § 105(a). 233 F.3d at 423. In that matter, the plaintiffs sought to utilize a private

---

[5]Therein, Judge Humphrey also concluded that the Trustee was seeking an "obey-the-law" injunction. 414 B.R. at 266-67. This Court has no occasion to address that issue.

8

right of action under § 105(a) to recover damages for the defendant's alleged violation of 11 U.S.C. § 524, which governs the effect of the discharge of a debt in bankruptcy and regulates reaffirmation agreements. In Kelvin v. Avon Printing Co., Inc., 1995 WL 734481 (6th Cir. 1995), a decision relied upon by the Pertuso court, the Sixth Circuit held that a plaintiff could not utilize a private right of action under § 105(a) to recover damages caused by the defendant's alleged violation of 11 U.S.C. § 363, which governs a debtor's use of cash collateral.

Nevertheless, the Trustee argues that a private right of action exists under § 105(a). In support thereof, Harker relies upon McDermott v. Countrywide Home Loans, Inc., 2009 Bankr. LEXIS 2666 (Bankr. N.D.Ohio), stay granted, 2009 WL 3259131 (N.D.Ohio 2009), and reversed, 426 F. Supp. 2d 267 (N.D.Ohio 2010). Putting aside the obvious point that the Bankruptcy Court for the Northern District of Ohio is without the authority to overrule Sixth Circuit authority, that court did not even cite Pertuso. Moreover, the District Court for the Northern District of Ohio initially stayed and then reversed the decision of the Bankruptcy Court in McDermott; therefore, that decision would not be particularly persuasive, even if binding Sixth Circuit precedent were not contrary to that decision.

Accordingly, the Court affirms the Judgment of the Bankruptcy Court, as it relates to the dismissal of Count IV in the Trustee's Complaint (Adv. Pro. Doc. #1).

III. Count V

With Count V in his Complaint, the Trustee sought a declaratory judgment. Adv. Pro. Doc. #1 at ¶¶ 66-67. The Bankruptcy Court dismissed this claim, because it had dismissed all other claims against Countrywide. Adv. Pro. Doc. #30

9

at 6. On appeal, Harker argues that the Bankruptcy's Court's Decision in that regard was erroneous, since its dismissal of Count IV was incorrect. See Doc. #3 at 10-11. Given that this Court has concluded that the Bankruptcy Court properly dismissed that claim, it disagrees with the Trustee and agrees with the Bankruptcy Court's dismissal of Count V.

Accordingly, the Court affirms the Judgment of the Bankruptcy Court, as it relates to the dismissal of Count V in the Trustee's Complaint (Adv. Pro. Doc. #1).

IV. Count VI

With Count VI, the Trustee seeks injunctive relief on his behalf and on behalf of a nationwide class of Bankruptcy Trustees, enjoining Countrywide from:

> (i) misrepresenting to Bankruptcy Courts, bankruptcy trustees, and creditors of estates that it is a creditor of the debtors' bankruptcy estates and that it is the holder of notes or mortgages on real estate of the debtors on the date of debtors' bankruptcy petitions; (ii) misrepresenting to Bankruptcy Courts, bankruptcy trustees, and creditors of estates the true holder of the notes and related mortgages; (iii) failing to disclose that the true holder failed to properly record or did not timely record assignments of the mortgages, in the land records of the proper governmental office in the state in which the real property covered by the mortgage is situated; (iv) filing pleadings, motions, or any other filings in any court containing any such misrepresentations; and (v) requiring Countrywide to correctly represent the true chain of ownership of notes and related mortgages to Bankruptcy Courts, bankruptcy trustees, and creditors of estates.

Doc. #1 at ¶ 71.

The Bankruptcy Court, applying the reasoning of Wells Fargo, dismissed this claim. Adv. Pro. Doc. #30 at 6. In Wells Fargo, Judge Humphrey held that the Trustee and members of the putative class had adequate remedies at law and will not suffer irreparable injury. 414 B.R. at 267-68. Based upon the reasoning set

forth in Wells Fargo, and for reasons which follow, this Court agrees. The Trustee and Bankruptcy Trustees nationwide have adequate remedies in their ability to object to a proof of claim or a motion for relief from stay.[6] In addition, a Bankruptcy Trustee can seek sanctions under Bankruptcy Rule 9011, which is analogous to Fed. R. Civ. P. 11.[7] The Trustee contends that Rule 9011 is not an adequate remedy, because Countryside can take advantage of the safe harbor provision therein and withdraw its offensive filing with impunity. See Doc. #3 at 12-13. This Court cannot agree, given that Countryside's exercise of the safe harbor provision would moot the question of whether a proof of claim or any other filing contained a misrepresentation. The issue (as well as the proof of claim or other filing) would simply "go away" and would not have to be litigated.

Accordingly, the Court affirms the Judgment of the Bankruptcy Court, as it relates to the dismissal of Count VI in the Trustee's Complaint (Adv. Pro. Doc. #1).

Based upon the foregoing, the Court affirms the Judgment of the Bankruptcy Court as it relates to the dismissal Counts I and IV-VI in the Trustee's Complaint

---

[6]The Trustee argues that this remedy is inadequate, given that requiring Bankruptcy Trustees to ferret out misrepresentations concerning the true identity of the holder of a note and mortgage imposes "an insurmountable burden" upon them. See Doc. #3 at 12. That argument is belied by the fact that, herein, Harker was able to discover Countrywide's alleged misrepresentations by reviewing the documents concerning the Debtor's note and mortgage.

[7]Judge Humphrey also indicated that a Bankruptcy Trustee has the remedy of seeking an award of sanctions under 11 U.S.C. § 105(a). This Court expresses no opinion on the availability of same.

(Adv. Pro. Doc. #1).  As a consequence, the Court dismisses Countrywide's cross-appeal as moot.

Judgment is to be entered affirming the Bankruptcy Court on the Trustee's appeal and dismissing Countrywide's Cross-Appeal as moot.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.


September 30, 2010 /s/ Walter Herbert Rice

                                               WALTER HERBERT RICE, JUDGE
                                               UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.